IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID COOPER, #7743            *

    Plaintiff,              *

        v.                     *      2:06-CV-418-MHT
                                      (WO)
D.T. MARSHAL, *et al.*,         *

    Defendants.             *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Montgomery County Detention Facility. He files this complaint pursuant to 42 U.S.C. § 1983 alleging that he is being denied adequate medical care, access to ink pens, and copies of pleading, and that guards are allowed to wear tasers. Named as defendants are Sheriff D.T. Marshal, "law library clerk," and Nurse Miller. Plaintiff seeks damages and injunctive relief. Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Access To Courts Claim*

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). An essential element of any claim of violation of the right to meaningful access to the courts, however, is actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Here, Plaintiff complains that he is not allowed ink pens and was denied free copies of the instant law suit. A review of Plaintiff's complaint clearly demonstrates that Plaintiff has not been deprived of a writing implement. He has a writing instrument although it is apparently different than the one which he would prefer. The restriction, however, does not foreclose Plaintiff's right of access to the courts.

Plaintiff also complains that despite his indigency, he is not provided with free photocopying services. Again, Plaintiff fails to demonstrate any actual injury accruing from his inability to obtain photocopies of his legal documents. *Lewis* 518 U.S. at 349. There is no indication that other means of making copies, *e.g.* handwritten or carbon copies, are unavailable to Plaintiff. Moreover, "a prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when . . . there are suitable alternatives." *Harrell v. Keohane,* 621 F.2d 1059, 1061 (10th Cir. 1980); *Johnson v. Parke,* 642 F.2d 377, 380 (10th Cir. 1981) (same). Plaintiff's allegations that he is denied ink pens and free photocopying services fail to articulate any "actual injury" accruing to him based on these perceived impairments. This claim is, therefore, due to be dismissed under

the provisions of 28 U.S.C. § 1915(e)(2)(B).

*B. Taser Guns*

Plaintiff complains that deputies at the Montgomery County Detention Facility are allowed to wear taser guns. He alleges that he is concerned about the administrations' policy in allowing guards to wear tasers because he has a weak heart and worries he might get shot with one.

> [I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527 (1981).

Plaintiff's claims concerning the administration's policy in allowing guards to wear tasers is conclusory and speculative. Plaintiff states that he is concerned because he might get shot by a taser. This subjective concern, without more, is insufficient to demonstrate a constitutional violation. *See Laird v. Tatum*, 408 U.S. 1 (1972) (subjective allegations "are not an adequate substitute for claims of specific, present objective harm or threat of a specific, future harm."). Accordingly, this claim is due to be dismissed. 28 U.S.C. § 1915(e)(2)(B).

*C. Respondeat Superior*

Plaintiff files suit against Sheriff Marshall asserting that he responsible for the operation of the Montgomery County Detention Facility and the welfare of inmates. The law is settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C.

§ 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978). Consequently, Plaintiff's claims against Defendant Marshal are due to be dismissed. 28 U.S.C. § 1915(e)(2)(B).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims concerning access to the courts, taser guns, and respondeat superior, be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff's complaint against Defendants Marshal and "law library clerk" be DISMISSED prior to service;

3. Defendants Marshal and "law library clerk" be DISMISSED as defendants to this complaint;

4. This case with respect to Plaintiff's allegation of inadequate medical care against Defendant Miller be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **May 24, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District

Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of May 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE