IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

RECEIVED
2006 MAY 26 A 10:34
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

DAVID COOPER
PLAINTIFF,

CASE NO. 2:06-CV-418-MHT

V.

SHERIFF D.T. MARSHAL et al,
DEFENDANTS

## PLAINTIFF AMEND HIS COMPLAINT

Comes now the plaintiff pro se, in the above style manner plaintiff amend his complaint. Plaintiff state that, the Doctor name which is unknown is Dr. Nichols, who plaintiff seen on to occasion 4-18-06, and approximately 4-25-06. Plaintiff state that on 4-18-06, he talk with Dr. Nichols, and inform him that plaintiff had two previous heart surgreys also prostrate problem, See both Exhibit-2 and Exhibit-3 copies of his visit to Dr. Nichols. Plaintiff further states that Dr. Nichols ordered by faxing from Baptist Hospital, on approximately 4-18-06. Plaintiff state that he was using his personal medication which he receive from the City Jail on 4-8-06, which after plaintiff talk to the Nurse about getting his heart medication and his prostrate medication, a Deputy call the City jail after the Nurse refuse to call. Plaintiff state that he don't know the name of the Nurse on 4-8-06 and he wish to continued to call her as the Nurse unkown, until the discovery period. Plaintiff further state that the morning of 4-8-06 his heart and prostrate medication arrive to the County jail and that this Nurse unknown receive plaintiff medication in the Booking area and refuse to give plaintiff both medication upon arrive also plaintiff have a witness who name is

Micheal Ferguson, Booking Number 84391 who try to get this Nurse name on approximate 5-15-06 who try to get her name for me who refuse to give her name. Plaintiff that Micheal Ferguson 84391 says he will witness that she refuse to give her name. Plaintiff state that he on 4-28-06 seen Dr. Nichols, who had at that time receive plaintiff record from Baptist hospital and plaintiff saw it sitting in his Detention Center record. Plaintiff further state that he ask Dr. Nichols the results to the fax information received on 4-28-06 and Dr Nichols, stated he havn't read them yet. However, Dr. Nichols, plaintiff needed his third heart surgery on 4-18-06 because plaintiff explain it to him. However, plaintiff stated to Dr. Nichols, on 4-28-06 that he didn't wanted his heart to stop beating why he wait on something to be done about his prostrate and his heart surgeys. As of this dated 5-22-06 nothing has been done. Plaintiff state that Dr. Nichols denied plaintiff adquate and proper need also the nurse unknown on 4-8-06 6:00 Am. On 4-27-06 Deputy Parks also contribute to violating plaintiff medical rights plaintiff couldn't urinate due to not receiving his prostrate medication after runing out. Plaintiff ask Deputy Parks to call medical and it was an emergency situation who state she I need to put in a sick request all the time plaintiff was also suffering with pain and straining to urinate approxiately three day before receiving prostrate medication. Plaintiff state the he once again was denied medical attention on 5-11-06 to 5-16-06 by the Medical Nursing Supervisor who S. Davis. State on Exhibit-B a new grievance filed on 5-13-06 for the incident of 5-11-06 to 5-16-06. Plaintiff state that S. Davis who is the grievance staff is trying to manipulate plaintiff on Exhibit B like it referred to the entire situation. However, Dr. Nichols last

seen plaintiff was not in May but 4-28-06 when DR. Nichols order plaintiff a "increase in prostrete medication. So therefore the statement on Exhibit-B plaintiff receiving Cardura prostrete medication as soon as it come in is the new denial of medical needs from 5-11-06 to 5-16-06. Also the Medical nursing supervisor name unknown say on Exhibit-B that no notation was found on my chart from the hospital visit is believe to be another form of manipulation. However Plaintiff state that this information at Baptist hospital should be confired by the fax which was made approximately 4-9-06 to 4-27-06 if we have to contact Baptist hospital for record of the faxing to the county Detention facility. Plaintiff further state that Sheriff D.T. marshel is responsible for each inmates medical needs, plaintiff further wish to state Nurse Burkett who didn't have plaintiff heart Aspirin to keep plaintiff blood sthin on 5-22-06. Plaintiff state that this conduct is ongoing since he been in this institution and that he is begining to keep record and the nurses who he find out there name she denied plaintiff on 5-22-06 morning medication and stated she would bring medication back but didn't.

Plaintiff state that DR. Nichols new of plaintiff medical needs on both visits and refuse to order plaintiff both surgreys and place plaintiff life in danger by not ordering surgreys.

Plaintiff state that he request to this court ordering that he be allow to get a copy of his 1983 Suit filed in the court because he don't have a copy and he file this action in fear he might die and want someone to be inform of his situation Plaintiff states that the hope this court don't dismiss his action because he is indigent to have to sent this copy like it is because it would be right to send

David Coop#7143
M.C.D.R.
P.O. Box 4599
Monty, ALA. 36103
Date 5-24-06

# CERTIFICATE OF SERVICE

Plaintiff state that he has filed a copy to the court clerk, and a copy to Sheriff D.T. Marshal, and a copy to Deputy Parks, and to Dr. Nichols, by placing them in the United State mail on this ___ day of May 2006. Also to Defendants and the clerk of the District Court a copy each of motion of notification of information.

David Cooper #143
Prose Plaintiff
5-24-06