IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

DAVID COOPER
PLAINTIFF,

V.                                     CASE NO 2:06-CV-418-MHT

DR. NICHOLS, et al,
DEFENDANTS

RECEIVED
2006 AUG 18 A 11:

## MOTION TO NOTIFY THE COURT OF MISCELLANEOUS MATTERS

Comes now the plaintiff, pro se, in the above style manner, pursuant to F.R.Civ-P. 56, motion to notify the Court of miscellaneous matter, plaintiff states that see order on motion dated 8-14-2006 which is underlined stating that (DOC 59 been denied) and once again (DOC 59 is granted) appears to be errors and plaintiff request to this Court to issue it true decision. Plaintiff, also wonder how is it two (DOC 59) see order, plaintiff again see order on motion 8-15-06 motion for appointments of counselor, was granted see underlined on first page. See also second page underlined it was denied please send a true decision to plaintiff as well as defense attorneys. Plaintiff further states that he believe the defense attorneys are filing action to this court without forwarding copy to plaintiff, see both filed document first page stating (DOC NO. 59) and 49 underlined on the second to filing has occurred from 49 underlined on the to 59 which plaintiff haven't received any copy. Also see the underlined on 8-15-06 order stating (DOC NO. 62) which plaintiff states that three different filing has occurred on this is just errors because plaintiff, certainly not getting any copies of filing from attorneys, plaintiff, seek an answer pruthful from this Court. Plaintiff, request true copies be mailed to him and defense attorneys.

Date 8-18-06                          David Cooper 7743

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID COOPER, #7743 | * |
| Plaintiff, | * |
| v. | *   2:06-CV-418-MHT |
| DR. NICHOLS, *et al.*, | * |
| Defendants. | * |

**ORDER ON MOTION**

Upon consideration of the motion for leave to file filed by Plaintiff on August 1, 2006, and for good cause, the motion shall be granted in part and denied in part. To the extent Plaintiff seeks leave to file a motion to notify the court of Defendants' alleged corruption, lies, and cover-ups through admission of a medical division charge sheet and motion for other penalties against Defendants for their alleged failure to comply with the orders of this court, and as Defendants filed an answer and written report on July 26, 2006 (Doc. No. 49), it is

ORDERED that the motion (Doc. No. 59) be and is hereby DENIED.

Upon consideration of Plaintiff's motion for leave to file a motion for extension of time, and for good cause, it is

ORDERED that the motion (Doc. No. 59) is GRANTED. Accordingly, it is further

ORDERED that:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID COOPER, #7743 | * |
| Plaintiff, | * |
| v. | *  2:06-CV-418-MHT |
| DR. NICHOLS, *et al.*, | * |
| Defendants. | * |

**ORDER ON MOTION**

Upon consideration of the motion for leave to file filed by Plaintiff on August 14, 2006 in which Plaintiff seeks leave to file a motion for appointment of counsel, and for good cause, it is

ORDERED that the motion (Doc. No. 62) be and is hereby GRANTED.

Plaintiff requests appointment of counsel. A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying

appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is

ORDERED that Plaintiff's Motion for Appointment of Counsel be and is hereby DENIED.

Done, this 15th day of August 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE